1  Ryan E. Johnson (Nevada Bar # 9070)
   WATSON ROUNDS
2  777 N. Rainbow Blvd., Suite 350
   Las Vegas, NV 89107
3  (702) 636-4902 (phone)
   (702) 636-4904 (facsimile)
4  rjohnson@watsonrounds.com

5  Stephen M. Gaffigan (*Pro Hac Vice* pending)
6  STEPHEN M. GAFFIGAN, P.A.
   401 East Las Olas Blvd., Suite 130-453
7  Ft. Lauderdale, Florida 33301
   Telephone: (954) 767-4819
8  Facsimile: (954) 767-4821
   stephen@smgpa.net
9
10 *Attorneys for Plaintiff*
   *LOUIS VUITTON MALLETIER, S.A.*
11
                    THE UNITED STATES DISTRICT COURT
12
                       FOR THE DISTRICT OF NEVADA
13

14 LOUIS VUITTON MALLETIER, S.A.,     )    Case No.
   a foreign business entity,         )
15                                     )
                 Plaintiff,            )
16                                     )    **COMPLAINT FOR INJUNCTIVE RELIEF**
   v.                                  )
17                                     )
   THE PARTNERSHIPS and               )
18 UNINCORPORATED ASSOCIATIONS        )
   IDENTIFIED ON SCHEDULE "A" and     )
19 DOES 1-1000,                       )
                                       )
20                                     )
                 Defendants.           )
21                                     )

22

23      Plaintiff Louis Vuitton Malletier, S.A., ("Plaintiff" or "Louis Vuitton") hereby sues

24 Defendants, The Partnerships and Unincorporated Associations indentified on Schedule "A" hereto

25 and Does 1-1000 (collectively "Defendants"), and alleges as follows:

26                          **JURISDICTION AND VENUE**

27      1.      This is an action pursuant to 15 U.S.C. §§ 1114, 1116, 1121 and 1125(a) and (d).

28 Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

2.      Venue is proper in this Court pursuant 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since all Defendants directly target business activities towards consumers in Nevada and cause harm to Louis Vuitton's business within this District through at least the fully interactive Internet websites operating under their partnership and/or business association names (the "Subject Domain Names").

## THE PLAINTIFF

3.      Louis Vuitton is a corporation duly organized under the laws of The Republic of France with its principal place of business located in the Paris, France. Louis Vuitton is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, high quality luxury goods under multiple famous common law and Federally registered trademarks including those identified in Paragraph 13 below. Louis Vuitton offers for sale and sells its trademarked goods within this Judicial District. Defendants' sales of counterfeit Louis Vuitton branded products are causing damage to Louis Vuitton within this Jurisdiction. Louis Vuitton regularly enforces its intellectual property rights and authorized that this action be brought in its name.

4.      Like all other famous trademark owners in the field of luxury goods, Louis Vuitton suffers ongoing daily and sustained violations of its trademark rights at the hands of criminals such as the Defendants herein, who wrongfully reproduce and counterfeit Louis Vuitton's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits.  The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with the Louis Vuitton name and associated trademarks.

5.      In order to combat the harm caused by the combined actions of Defendants and others engaging in similar conduct, each year Louis Vuitton expends millions of dollars in connection with trademark enforcement efforts, including legal fees, investigative fees and support mechanisms for law enforcement such as field training guides and seminars.  The recent explosion of counterfeiting over the Internet has created an environment which requires Louis Vuitton to file a massive number of lawsuits, often it turns out, against the same individuals and groups, in order to protect both consumers and itself from the ill effects of confusion and the erosion of the goodwill connected to

2

the Louis Vuitton brand.  The financial burden on Louis Vuitton and companies similarly situated is staggering as is the resulting burden on the Federal court system.

## THE DEFENDANTS

6.      Defendants are partnerships or unincorporated business associations which reside on servers in the United States and are comprised of individuals and business entities of unknown makeup who likely reside in the People's Republic of China or other foreign jurisdictions with lax trademark enforcement systems.  Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).  Defendants conduct business throughout the United States, including within this Judicial District through the operation of the fully interactive commercial websites operating under the Subject Domain Names identified on Schedule "A" hereto. Defendants also operate blog style websites under some of the Subject Domain Names which also provide support and direct customer traffic to the fully interactive websites operating under the other Subject Domain Names.  Defendants are directly and personally contributing to, inducing and engaging in the sale of counterfeit products as alleged herein, often times as partners, co-conspirators and/or suppliers. Louis Vuitton is presently unaware of the true names of Does 1-1,000. Louis Vuitton will amend this Complaint upon discovery of the identities of such fictitious Defendants.

7.      Defendants are the past and present moving and conscious forces behind the operation of the commercial Internet websites operating under the Subject Domain Names.

8.      Upon information and belief, Defendants engage in the offering for sale and sale of counterfeit and infringing Louis Vuitton branded products within this Judicial District through multiple fully interactive commercial websites operating under at least the Subject Domain Names. Defendants, upon information and belief, also operate additional websites which promote and offer for sale counterfeit and infringing goods under domain names not yet known to Plaintiff. Defendants have purposefully directed their illegal activities towards consumers in the State of Nevada through the advertisement, offer to sell, sale and shipment of counterfeit Louis Vuitton branded goods into the State.

3

9. Upon information and belief, Defendants will continue to register new domain names for the purpose of selling goods bearing counterfeits of Louis Vuitton's trademarks unless preliminarily and permanently enjoined.

10. Defendants' Internet-based website businesses amount to nothing more than massive illegal operations, infringing on the intellectual property rights of Louis Vuitton and others.

11. Defendants use and have registered, established or purchased and maintained and the Subject Domain Names. Upon information and belief, Defendants have engaged in fraudulent conduct with respect to the registration of the Subject Domain Names by providing false and\or misleading information to their various Registrars during the Registration or maintenance process.

12. Defendants' business names, i.e., the Subject Domain Names and any other domain names used in connection with the sale of counterfeits bearing Louis Vuitton's trademarks are essential components of Defendants' counterfeiting and infringing activities. The Subject Domain Names themselves are the means by which Defendants further their counterfeiting scheme and cause harm to Louis Vuitton. Moreover, Defendants are using Louis Vuitton's famous name and trademarks to drive Internet consumer traffic to their websites operating under the Subject Domain Names, thereby creating and increasing the value of the Subject Domain Names at Louis Vuitton's expense.

### COMMON FACTUAL ALLEGATIONS

13. Louis Vuitton is the owner of all rights in and to the following trademarks which are valid and registered on the Principal Register of the United States Patent and Trademark Office:

| Trademark | Registration No. | Registration Date |
|---|---|---|
| ▓ | 0,297,594 | September 20, 1932 |
| LOUIS VUITTON | 1,045,932 | August 10, 1976 |
| 𝕍 | 1,519,828 | January 10, 1989 |
| 𝕍 | 1,938,808 | November 28, 1995 |
| LOUIS VUITTON | 1,990,760 | August 6, 1996 |
| ✦ | 2,177,828 | August 4, 1998 |
| ✪ | 2,181,753 | August 18, 1998 |

4

| | | |
|---|---|---|
| 1 | 2,361,695 | June 27, 2000 |
| 2 | 2,378,388 | August 22, 2000 |
| 3 | 2,399,161 | October 31, 2000 |
| 4 | 2,421,618 | January 16, 2001 |
| 5 | 2,773,107 | October 14, 2003 |
| 6 | 3,023,930 | December 6, 2005 |
| 7 | 3,051,235 | January 24, 2006 |

(the "Louis Vuitton Marks") which are registered in International Classes 9, 14, 18, and 25, and are used in connection with the manufacture and distribution of, among other things, high quality handbags, wallets, luggage, shoes, belts, scarves, sunglasses, watches, and jewelry.

14.   The Louis Vuitton Marks have been used in interstate commerce to identify and distinguish Louis Vuitton's high quality handbags, wallets, luggage, shoes, belts, scarves, sunglasses, watches, and jewelry and other goods for an extended period of time.

15.   The Louis Vuitton Marks have never been assigned or licensed to any of the Defendants in this matter.

16.   The Louis Vuitton Marks are symbols of Louis Vuitton's quality, reputation and goodwill and have never been abandoned.

17.   Further, Louis Vuitton has expended substantial time, money and other resources developing, advertising and otherwise promoting the Louis Vuitton Marks. The Louis Vuitton Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

18.   Louis Vuitton has extensively used, advertised and promoted the Louis Vuitton Marks in the United States in association with the sale of high quality handbags, wallets, luggage, shoes, belts, scarves, sunglasses, watches, and jewelry, and other goods and has carefully monitored and policed the use of the Louis Vuitton Marks.

19.   As a result of Louis Vuitton's efforts, members of the consuming public readily identify merchandise bearing the Louis Vuitton Marks, as being high quality luxury goods sponsored and approved by Louis Vuitton.

COMPLAINT FOR INJUNCTIVE RELIEF

20.   Accordingly, the Louis Vuitton Marks have achieved secondary meaning as identifiers of high quality handbags, wallets, luggage, shoes, belts, scarves, sunglasses, watches, and jewelry, and other goods.

21.   Genuine Louis Vuitton branded goods are widely legitimately advertised and promoted by Louis Vuitton, its authorized distributors and unrelated third parties via the Internet. Over the course of the past five to seven years, visibility on the Internet, particularly via Internet search engines such as Google, Yahoo! and Bing has become increasingly important to Louis Vuitton's overall marketing and consumer education efforts. Thus, Louis Vuitton expends significant monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO") strategies.  Those strategies allow Louis Vuitton and its authorized retailers to fairly and legitimately educate consumers about the value associated with the Louis Vuitton brand and the goods sold thereunder.  SEO is a now common marketing process whereby a company or individual designs, supports, structures and phrases Internet website content in order to enhance a website's profile for search engines over a variety of search terms.

22.   Upon information and belief, at all times relevant hereto, Defendants in this action have had full knowledge of Louis Vuitton's ownership of the Louis Vuitton Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

23.   Louis Vuitton has discovered Defendants are promoting and otherwise advertising, distributing, selling and/or offering for sale counterfeit products, including at least handbags, wallets, luggage, shoes, belts, scarves, sunglasses, watches, and jewelry bearing trademarks which are exact copies of the Louis Vuitton Marks (the "Counterfeit Goods"). Specifically, upon information and belief, Defendants are using the Louis Vuitton Marks in the same stylized fashion, for different quality goods.

24.   Defendants' Counterfeit Goods are of a quality substantially different than that of Louis Vuitton's genuine goods. Despite the nature of their Counterfeit Goods and the knowledge they are without authority to do so, Defendants are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge that such goods will be mistaken for the genuine high quality products

6

offered for sale by Louis Vuitton. The net effect of Defendants' actions will be to result in the confusion of the relevant trade and consumers, both at the time of sale and in a post sale setting, who will believe Defendants' Counterfeit Goods are genuine goods originating from, associated with, and approved by Louis Vuitton.

25.    Defendants advertise their Counterfeit Goods for sale to the consuming public. In so advertising these products, Defendants improperly and unlawfully use the Louis Vuitton Marks. Indeed, Defendants herein misappropriated Louis Vuitton's advertising ideas and entire style of doing business with regard to the advertisement and sale of Louis Vuitton's genuine products. Upon information and belief, the misappropriation of Louis Vuitton's advertising ideas in the form of the Louis Vuitton Marks has occurred, in part, in the course of Defendants' advertising activities and has been the proximate cause of damage to Louis Vuitton.

26.    As part of their overall counterfeiting scheme, the Defendants are, upon information and belief, all employing substantially similar, and often times coordinated, SEO strategies based, in large measure, upon an illegal use of counterfeits of the Louis Vuitton Marks.  Specifically, the Defendants are using counterfeits of Louis Vuitton's name and the Louis Vuitton Marks in order to make their websites selling illegal goods appear more relevant and attractive to search engines across an array of search terms.  By their actions, the Defendants are causing concurrent and indivisible harm to Louis Vuitton and the consuming public by (i) depriving Louis Vuitton, its authorized distributors and other third parties of the ability to fairly compete for space within search engine results, (ii) causing an overall degradation of the value of the goodwill associated with the Louis Vuitton Marks and (iii) increasing Louis Vuitton's overall cost to market its goods and educate consumers about the brand via the Internet.

27.    Upon information and belief, Defendants are concurrently conducting their counterfeiting and infringing activities at least within this Judicial District and elsewhere throughout the United States.  As a result, Defendants are defrauding Louis Vuitton and the consuming public for Defendants' own benefit. Defendants' infringement and disparagement of Louis Vuitton does not simply amount to the wrong description of their goods or the failure of the goods to conform to the advertised quality or performance.

COMPLAINT FOR INJUNCTIVE RELIEF

28.     Defendants' use of the Louis Vuitton Marks, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Counterfeit Goods, is without Louis Vuitton's consent or authorization.

29.     Further, Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Louis Vuitton's rights for the purpose of trading on the goodwill and reputation of Louis Vuitton.

30.     Defendants' above-identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade. Moreover, Defendants' wrongful use of the Louis Vuitton Marks is likely to create a false impression and deceive customers, the public and the trade into believing there is a connection or association between Louis Vuitton and Defendants' Counterfeit Goods.

31.     Louis Vuitton has no adequate remedy at law.

32.     Louis Vuitton is suffering irreparable and indivisible injury and damages as a result of Defendants' unauthorized and wrongful use of the Louis Vuitton Marks. If Defendants' counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Louis Vuitton and the consuming public will continue to be harmed.

33.     The injuries and damages sustained by Louis Vuitton have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of their Counterfeit Goods.

34.     Louis Vuitton has retained the undersigned counsel to represent it in this matter and is obligated to pay said counsel a reasonable fee for such representation.

## COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT

35.     Louis Vuitton hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 34 above.

36.     This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeits of the Louis Vuitton Marks in commerce in connection with the promotion, advertisement, distribution, sale and/or offering for sale of the Counterfeit Goods.

8

37.     Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing at least counterfeit and infringing handbags, wallets, luggage, shoes, belts, scarves, sunglasses, watches, and jewelry bearing the Louis Vuitton Marks.  Defendants are continuously infringing and inducing others to infringe the Louis Vuitton Marks by using them to advertise, promote and sell at least counterfeit handbags, wallets, luggage, shoes, belts, scarves, sunglasses, watches, and jewelry.

38.     Defendants' concurrent counterfeiting and infringing activities are likely to cause and, upon information and belief, actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Louis Vuitton Marks.

39.     Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Louis Vuitton.

40.     Defendants' above-described illegal actions constitute counterfeiting and infringement of the Louis Vuitton Marks in violation of Louis Vuitton's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

41.     Louis Vuitton has suffered and will continue to suffer irreparable injury due to the above described activities of Defendants if Defendants are not preliminarily and permanently enjoined.

## COUNT II - FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(a) OF THE LANHAM ACT

42.     Louis Vuitton hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 34 above.

43.     Defendants' Counterfeit Goods bearing and sold under the Louis Vuitton Marks have been widely advertised and distributed throughout the United States.

44.     Defendants' Counterfeit Goods bearing and sold under the Louis Vuitton Marks are virtually identical in appearance to each of Louis Vuitton's respective genuine goods. However, the Counterfeit Goods are different in quality. Accordingly, Defendants' activities are likely to cause

9

confusion in the trade and among the general public as to at least the origin or sponsorship of the Counterfeit Goods.

45.     Defendants, upon information and belief, have used in connection with their sale of Counterfeit Goods, false designations of origins and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Louis Vuitton.

46.     Specifically, Defendants have authorized an infringing use of the Louis Vuitton Marks, in Defendants' advertisement and promotion of their counterfeit and infringing handbags, wallets, luggage, shoes, belts, scarves, sunglasses, watches, and jewelry. Defendants have also misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing products.

47.     Additionally, Defendants are using counterfeits of the Louis Vuitton Marks in order to unfairly compete with Louis Vuitton and others for space within search engine organic results, thereby depriving Louis Vuitton of a valuable marketing and educational tool which would otherwise be available to Louis Vuitton.

48.     Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

49.     Louis Vuitton has sustained indivisible injury and damage caused by Defendants' concurrent conduct, and absent an entry of an injunction by this Court, Louis Vuitton will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

### COUNT III - CLAIM FOR RELIEF FOR CYBERPIRACY

### UNDER §43(d) OF THE LANHAM ACTION, 15 U.S.C. §1125(d)

50.     Louis Vuitton hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 34 above.

51.     At all times relevant hereto, Louis Vuitton has been and still is the owner of the rights, title and interest in and to the Louis Vuitton Marks.

10

52.    Upon information and belief, Defendants have acted with the bad faith intent to profit from the Louis Vuitton Marks and the goodwill associated with the Louis Vuitton Marks by registering various domain names which are identical or confusingly similar to or dilutive of the Louis Vuitton Marks.

53.    Defendants have no intellectual property rights in or to the Louis Vuitton Marks.

54.    Defendants' actions constitute cyberpiracy in violation of §43(d) of the Lanham Act, 15 U.S.C. §1125(d).

55.    Defendants' conduct is done with knowledge and constitutes a willful violation of Louis Vuitton's rights in the Marks. At a minimum, Defendants' conduct constitutes reckless disregard for and willful blindness to Louis Vuitton's rights.

56.    The aforesaid conduct is causing Louis Vuitton damages and immediate and irreparable injury. Louis Vuitton has no adequate remedy at law.

## COUNT IV - COMMON LAW UNFAIR COMPETITION

57.    Louis Vuitton hereby readopts and re-alleges the allegations set forth in Paragraphs 1 through 56 above.

58.    This is an action against Defendants based on their manufacture, promotion, advertisement, distribution, sale and/or offering for sale of goods bearing marks which are virtually identical, both visually and phonetically, to the Louis Vuitton Marks in violation of Nevada's common law of unfair competition.

59.    Specifically, the Defendants are promoting and otherwise advertising, selling, offering for sale and distributing infringing and counterfeit handbags, wallets, luggage, shoes, belts, scarves, sunglasses, watches, and jewelry.  The Defendants are also using counterfeits of the Louis Vuitton Marks to unfairly compete with Louis Vuitton and others for space in search engine results across an array of search terms.

60.    Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' product by their use of the Louis Vuitton Marks.

11

61. The Plaintiffs have no adequate remedy at law and are suffering damages and irreparable injury as a result of Defendants' actions.

**PRAYER FOR RELIEF**

62. WHEREFORE, Louis Vuitton demands judgment on all Counts of this Complaint and an award of equitable relief against Defendants as follows:

a. Entry of preliminary and permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Louis Vuitton Marks; from using the Louis Vuitton Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress which may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Louis Vuitton; from falsely representing themselves as being connected with Louis Vuitton, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants, or in any way endorsed by, approved by, and/or associated with Louis Vuitton; from using any reproduction, counterfeit, copy, or colorable imitation of the Louis Vuitton Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants, including, without limitation, handbags, wallets, luggage, shoes, belts, scarves, sunglasses, watches, and jewelry, and other goods; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Louis Vuitton, or in any way endorsed by Louis Vuitton and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of the Louis Vuitton name or Marks; and from otherwise unfairly competing with Louis Vuitton.

b. Entry of an Order that, upon Louis Vuitton's request, those in privity with Defendants, and those with notice of the injunction, including any Internet search engines, Web

12

hosts, domain-name registrars and domain-name registries that are provided with notice of the injunction, cease facilitating access to any or all domain names and websites through which Defendants engage in the sale of counterfeit and infringing goods using the Louis Vuitton Marks.

        c.     Entry of an Order that, upon Louis Vuitton's request, the top level domain (TLD) Registries for the Subject Domain Names place the Subject Domain Names on Registry Hold status, thus removing them from the TLD zone files maintained by the Registries which link the Subject Domain Name to the IP address where the associated website is hosted.

        d.     Entry of an order canceling or, at Louis Vuitton's election, transferring the Subject Domain Names and any other domain names used by the Defendants to engage in their counterfeiting of the Louis Vuitton Marks at issue to Louis Vuitton's control so they may no longer be used for illegal purposes.

        e.     Entry of an order that, upon Louis Vuitton's request, the Internet Corporation for Assigned Names and Numbers ("ICANN") and the Internet Assigned Numbers Authority ("IANA") shall each take all actions necessary to ensure that the top level domain Registries responsible for the Subject Domain Names transfer and/or disable the Subject Domain Names as directed by the Court.

        f.     Entry of an award of Louis Vuitton's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

        g.     Entry of further relief as the Court may deem just and proper.

Dated: March ___, 2011              Respectfully submitted,

                            By: /s/ Ryan E. Johnson
                            Ryan E. Johnson (Nevada Bar # 9070)
                            WATSON ROUNDS
                            777 N. Rainbow Blvd., Suite 350
                            Las Vegas, NV 89107

                            *Of Counsel:*
                            Stephen M. Gaffigan
                            STEPHEN M. GAFFIGAN, P.A.
                            401 East Las Olas Blvd., Suite 130-453
                            Ft. Lauderdale, Florida 33301

                            *Attorneys for Plaintiff*
                            *LOUIS VUITTON MALLETIER, S.A.*

13

## SCHEDULE A
## THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS

Defendant 1:     1854louisvuitton.com
Defendant 2:     21centurybags.co
Defendant 3:     21replica.com
Defendant 4:     3areplicawatch.com
Defendant 5:     7starplanet.com
Defendant 6:     86handbags.com
Defendant 7:     960watch.com
Defendant 8:     abag2u.com
Defendant 9:     acereplica.com
Defendant 10:    amazing-bags.com
Defendant 11:    amazingreplica.com
Defendant 12:    bagreplicator.com
Defendant 13:    bagsfactory.net
Defendant 14:    bagspart.com
Defendant 15:    besthandbagsstore.mdsoll.cn
Defendant 16:    bestmirrorbrands.com
Defendant 17:    best-replica-watch.com
Defendant 18:    best-replica-watches.com
Defendant 19:    beubag.com
Defendant 20:    bipurse.com
Defendant 21:    brandkeys.net
Defendant 22:    buyawatches.com
Defendant 23:    buycheapluxury.com
Defendant 24:    buyreplicahandbags.info
Defendant 25:    buysns.com
Defendant 26:    cadudu.com
Defendant 27:    chinese-replica.net
Defendant 28:    chinese-replicas.com
Defendant 29:    cnreplica-handbags.com
Defendant 30:    copycatshades.com
Defendant 31:    countbags.com
Defendant 32:    dedoro.com
Defendant 33:    designer-handbag-replica.com
Defendant 34:    designer-replicahandbags.com
Defendant 35:    discountbagsoutlet.com
Defendant 36:    discount-designer-bags.com
Defendant 37:    eluxuryking.com
Defendant 38:    eluxurys-mart.net
Defendant 39:    eluxuryxp.com
Defendant 40:    eshop4bags.com
Defendant 41:    etopbagss.com
Defendant 42:    exquisitebag.com
Defendant 43:    fabaaa.com
Defendant 44:    fakehandbagshome.com
Defendant 45:    fashionbagzoom.com a/k/a vuittonworld.com

14

Defendant 46:     fashionboutiqueshop.com
Defendant 47:     fashionladybag.com
Defendant 48:     fashion-replica-bags.com
Defendant 49:     ffchloe.com
Defendant 50:     forevercbs.com
Defendant 51:     galaxysahandbags.com
Defendant 52:     goodluxuryshop.com
Defendant 53:     goooodbag.com
Defendant 54:     goto-watches.com
Defendant 55:     grabshandbags.com
Defendant 56:     groundmart.com
Defendant 57:     handbag20.com
Defendant 58:     handbag4s.com
Defendant 59:     handbagforever.com
Defendant 60:     handbagsbeauty.com
Defendant 61:     handbagsidol.com
Defendant 62:     handbagsmama.net
Defendant 63:     handbagsonsaleus.com
Defendant 64:     handbags-sales.com
Defendant 65:     handbagswin.com
Defendant 66:     handbagswow.com a/k/a creplicahandbags.com
Defendant 67:     haoreplica.com
Defendant 68:     herebagss.org
Defendant 69:     hereisbag.com
Defendant 70:     hightbrand.com
Defendant 71:     highwaywatches.com
Defendant 72:     honey-replicas.com
Defendant 73:     honey-replicas.net a/k/a honey-replicas.co
Defendant 74:     hot-louisvuitton.com
Defendant 75:     huebags.com
Defendant 76:     impostercity.com
Defendant 77:     ireplical.net
Defendant 78:     itisdesigners.com
Defendant 79:     itisreplicas.com
Defendant 80:     jajashopping.com
Defendant 81:     jeanybags.com
Defendant 82:     knockoff-bags.com
Defendant 83:     knockoffhandbagsa.com
Defendant 84:     knockoffnamebag.com
Defendant 85:     louisvuitton4bag.com a/k/a eluxury4all.com
Defendant 86:     louisvuittonbrandbag.com
Defendant 87:     louisvuittonbrandbags.com
Defendant 88:     louisvuittonhandbagsshop.com
Defendant 89:     louisvuittonoutletonline.net
Defendant 90:     louisvuitton-outlet-stores.com a/k/a louis-vuitton-outlet-stores.net
Defendant 91:     louisvuittonreplica.org
Defendant 92:     louis-vuitton-replicas.com
Defendant 93:     louisvuittonsale-shop.com

15

| | | |
|---|---|---|
| Defendant 94: | louisvuittonstuff.com |
| Defendant 95: | luxury-estore.com |
| Defendant 96: | luxurymirrorbrands.com |
| Defendant 97: | lv2get.com |
| Defendant 98: | lvbags.cc |
| Defendant 99: | lvoutletsale.com a/k/a e-fashionshopping.com and luxury-estore.com |
| Defendant 100: | lvuksale.com |
| Defendant 101: | memwatches.com |
| Defendant 102: | mirrorbrands.com |
| Defendant 103: | mobigarden.com |
| Defendant 104: | mybagwow.com a/k/a handbagsmars.com |
| Defendant 105: | mychanelhandbags.com |
| Defendant 106: | mylvlife.com |
| Defendant 107: | myshopwww.com |
| Defendant 108: | newbagonsale.com a/k/a newbagpurse.com |
| Defendant 109: | newlouisvuitton.com |
| Defendant 110: | nexthandbags.com |
| Defendant 111: | omegarecall.com |
| Defendant 112: | onebags.com |
| Defendant 113: | orderluxurybag.com a/k/a vuittonworld.com |
| Defendant 114: | perfect-replica-handbags.com a/k/a creplicahandbags.com |
| Defendant 115: | pop-handbags.com |
| Defendant 116: | popreplicas.com |
| Defendant 117: | popswisswatches.com |
| Defendant 118: | pop-watches.com |
| Defendant 119: | poshmoda.com |
| Defendant 120: | poshreplica.com |
| Defendant 121: | purereplicabags.com |
| Defendant 122: | pursestore.uk.com |
| Defendant 123: | pursestrade.com |
| Defendant 124: | replica2louisvuitton.com |
| Defendant 125: | replica4lv.com |
| Defendant 126: | replica4lvbags.com |
| Defendant 127: | replicabaghome.com |
| Defendant 128: | replica-bags8.com |
| Defendant 129: | replicadesignerhandbag.net |
| Defendant 130: | replicahandbagclub.com |
| Defendant 131: | replicahandbags4.com |
| Defendant 132: | replicahandbagsale-online.com |
| Defendant 133: | replicahandbagsbox.com |
| Defendant 134: | replicahandbagspro.com |
| Defendant 135: | replica-handbags-shop.com |
| Defendant 136: | replica-louis.com a/k/a lvhandbagsol.com |
| Defendant 137: | replicaok.net |
| Defendant 138: | replicasky.com |
| Defendant 139: | replicaslv.com |
| Defendant 140: | replica-watch.co |
| Defendant 141: | replicawatch-uk.com |

16

| | |
|---|---|
| Defendant 142: | replicawell.com |
| Defendant 143: | replicawholesalesunglasses.com |
| Defendant 144: | salelouisvuitton.com |
| Defendant 145: | salelouisvuittonbags.com |
| Defendant 146: | seasoneshandbags.com |
| Defendant 147: | seasonsehandbags.com |
| Defendant 148: | sell-brands.com |
| Defendant 149: | sell-replica.com |
| Defendant 150: | shayes.com |
| Defendant 151: | shoplouisvuittonreplica.com |
| Defendant 152: | shopping-eluxury.com |
| Defendant 153: | shopyep.com |
| Defendant 154: | showmywatch.com |
| Defendant 155: | spotbags.net a/k/a pursevalley.com |
| Defendant 156: | superbaghome.com |
| Defendant 157: | super-replica.com |
| Defendant 158: | swissbestwatch.com |
| Defendant 159: | swissmirrorwatch.com |
| Defendant 160: | thehandbags.us |
| Defendant 161: | thereplicabag.com |
| Defendant 162: | thesunglassmanonline.com |
| Defendant 163: | thewatch88.com |
| Defendant 164: | topluxurystore.com |
| Defendant 165: | topreplicahandbags8.com |
| Defendant 166: | toshopbag.com |
| Defendant 167: | ugglvgucci.com |
| Defendant 168: | uuhandbags.com |
| Defendant 169: | voguebags.com |
| Defendant 170: | voguewear.com |
| Defendant 171: | walletsky.com |
| Defendant 172: | watch126.com |
| Defendant 173: | watchbrandhome.com |
| Defendant 174: | watchesbit.com |
| Defendant 175: | watchesbrand.net |
| Defendant 176: | watchvipshop.com |
| Defendant 177: | wbrandbags.com |
| Defendant 178: | webbags.org |
| Defendant 179: | westoffer.com |
| Defendant 180: | wowyahoo.com |
| Defendant 181: | wsreplicas.com |
| Defendant 182: | yeahlvwallets.com |

17