Ryan E. Johnson (Nevada Bar # 9070)
WATSON ROUNDS
777 N. Rainbow Blvd., Suite 350
Las Vegas, NV 89107
(702) 636-4902 (phone)
(702) 636-4904 (facsimile)
rjohnson@watsonrounds.com

Stephen M. Gaffigan (*Pro Hac Vice* pending)
STEPHEN M. GAFFIGAN, P.A.
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
stephen@smgpa.net

*Attorneys for Plaintiff*
*LOUIS VUITTON MALLETIER, S.A.*

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., a foreign business entity,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" and DOES 1-1000,<br><br>Defendants. | Case No. 2:11-cv-00738-PMP-RJJ<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER** |

THIS CAUSE is before the Court on Plaintiff's *Ex Parte* Application For Entry of a Temporary Restraining Order and Preliminary Injunction (the "*Ex Parte* Application"). Plaintiff, Louis Vuitton Malletier, S.A., ("Louis Vuitton" or "Plaintiff"), moves *ex parte*, for entry of a temporary restraining order, and, upon expiration of the temporary restraining order, a preliminary injunction against Defendants, The Partnerships and Unincorporated Associations indentified on Schedule "A" hereto and Does 1-1000 (collectively "Defendants"), pursuant to 15 U.S.C. § 1116 and

Fed. R. Civ. P. 65 for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114, and 1125(a) and (d). For reasons set forth herein, Plaintiff's *Ex Parte* Application is GRANTED.

## I.   Factual Background

The Court bases this Order on the following facts from Plaintiff's Complaint, *Ex Parte* Application, and supporting evidentiary submissions.

Louis Vuitton is a foreign business entity organized under the laws of the Republic of France with its principal of business in Paris, France. (Compl. ¶ 2.) Louis Vuitton is engaged in the manufacture, promotion, distribution, and sale in interstate commerce, including within this Judicial District, of high quality products under Louis Vuitton's trademarks. (Declaration of Nikolay Livadkin in Support of Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction ["Livadkin Decl."] ¶¶ 4-5.)

Louis Vuitton is, and at all times relevant hereto has been, the owner of all rights in and to the following Federally registered trademarks:

| Trademark | Registration No. | Registration Date |
|---|---|---|
| [image] | 0,297,594 | September 20, 1932 |
| LOUIS VUITTON | 1,045,932 | August 10, 1976 |
| LV | 1,519,828 | January 10, 1989 |
| LV | 1,938,808 | November 28, 1995 |
| LOUIS VUITTON | 1,990,760 | August 6, 1996 |
| ✦ | 2,177,828 | August 4, 1998 |
| ⊛ | 2,181,753 | August 18, 1998 |
| LV | 2,361,695 | June 27, 2000 |
| [image] LOUIS VUITTON PARIS | 2,378,388 | August 22, 2000 |
| [image] | 2,399,161 | October 31, 2000 |
| ■ | 2,421,618 | January 16, 2001 |
| ✧ | 2,773,107 | October 14, 2003 |
| ⊛ | 3,023,930 | December 6, 2005 |

2

| | | |
|---|---|---|
| ✧ | 3,051,235 | January 24, 2006 |

(the "Louis Vuitton Marks") which are registered in International Classes 9, 14, 18, and 25, and are used in connection with the manufacture and distribution of, among other things, high quality handbags, wallets, luggage, shoes, belts, scarves, sunglasses, watches, and jewelry. (Livadkin Decl. ¶ 4. *See also* United States Trademark Registrations of the Louis Vuitton Marks at issue ["Louis Vuitton Trademark Registrations"] attached as Exhibit A to the Livadkin Decl.)

Defendants have advertised, offered for sale, and/or sold at least handbags, wallets, luggage, shoes, belts, scarves, sunglasses, watches, and jewelry, bearing what Plaintiff has determined to be counterfeits, reproductions, and/or colorable imitations of the Louis Vuitton Marks. (Livadkin Decl. ¶¶ 9-15; Declaration of Brandon Tanori in Support of Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction ["Tanori Decl."] ¶ 4.) Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, and/or colorable imitations of the Louis Vuitton Marks. (Livadkin Decl. ¶ 9.)

Plaintiff retained Brandon Tanori ("Tanori") of Investigative Consultants to investigate suspected sales of counterfeit Louis Vuitton branded products by Defendants. (Livadkin Decl. ¶ 10; Tanori Decl. ¶ 3.) Between February 16, 2011 and February 25, 2010, Tanori accessed the Internet websites operating under the domain names honey-replicas.net, louis-vuitton-replicas.com, louisvuittonsale-shop.com, replica2louisvuitton.com, replica4lv.com, and thereplicabag.com, and placed orders for the purchase of Louis Vuitton branded wallets. (Tanori Decl. ¶ 4 and Composite Exhibit A attached thereto.) Tanori's purchases were processed entirely online, which included providing shipping and billing information, payment, and confirmation of his orders. (Tanori Decl. ¶ 4 and Composite Exhibit A attached thereto.)

Thereafter, a representative of Louis Vuitton, Nikolay Livadkin, reviewed and visually inspected the web page listings, including images, for each of the Louis Vuitton branded goods purchased by Tanori and determined the items were non-genuine Louis Vuitton products. (Livadkin Decl. ¶¶ 11-12.) Additionally, Livadkin reviewed and visually inspected the items bearing the Louis Vuitton Marks offered for sale via the Internet websites operating under the partnership and/or

business association names identified on Schedule "A" hereto (the "Subject Domain Names") and determined the products were non-genuine Louis Vuitton products. (Livadkin Decl. ¶ 12 and Composite Exhibit B attached thereto, relevant web page captures from Defendants' Internet websites operating under the Subject Domain Names displaying the Louis Vuitton branded items offered for sale.)

## II. Conclusions of Law

The declarations Plaintiff submitted in support of its *Ex Parte* Application support the following conclusions of law:

A. Plaintiff has a very strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, and/or distribution of shoes and boots bearing counterfeits, reproductions, and/or colorable imitations of the Louis Vuitton Marks, and that the products Defendants are selling are copies of Plaintiff's products that bear copies of the Louis Vuitton Marks on handbags, wallets, luggage, shoes, belts, scarves, sunglasses, watches, and jewelry.

B. Because of the infringement of the Louis Vuitton Marks, Plaintiff is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted. It clearly appears from the following specific facts, as set forth in Plaintiff's Complaint, *Ex Parte* Application, and accompanying declarations on file, that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers before Defendants can be heard in opposition unless Plaintiff's request for *ex parte* relief is granted:

1. Defendants own or control Internet business operations which advertise, offer for sale, and sell at least handbags, wallets, luggage, shoes, belts, scarves, sunglasses, watches, and jewelry bearing counterfeit and infringing trademarks in violation of Plaintiff's rights;

2. There is good cause to believe that more counterfeit and infringing jewelry, including handbags, wallets, luggage, shoes, belts, scarves, sunglasses, watches, and jewelry bearing Plaintiff's trademarks will appear in the marketplace; that consumers may be misled, confused, and

disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products;

3. There is good cause to believe that if Plaintiff proceeds on notice to Defendants on this *Ex Parte* Application, Defendants can easily and quickly transfer the registrations for many of the Subject Domain Names, or modify registration data and content, change hosts, and redirect traffic to other websites, thereby thwarting Plaintiff's ability to obtain meaningful relief;

4. The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its reputation and goodwill as a manufacturer of high quality handbags, wallets, luggage, shoes, belts, scarves, sunglasses, watches, and jewelry, if such relief is not issued; and

5. The public interest favors issuance of the temporary restraining order in order to protect Plaintiff's trademark interests and protect the public from being defrauded by the palming off of counterfeit goods as genuine goods of the Plaintiff.

Upon review of Plaintiff's Complaint, *Ex Parte* Application, and supporting evidentiary submissions, it is hereby

ORDERED that Plaintiff's Ex Parte Application is GRANTED, according to the terms set forth below:

**TEMPORARY RESTRAINING ORDER**

(1) Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants having notice of this Order are hereby temporarily restrained:

    (a) From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Louis Vuitton Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

(b) From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing the Louis Vuitton Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Louis Vuitton Marks, or any confusingly similar trademarks.

(2) Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants having notice of this Order shall immediately discontinue the use of the Louis Vuitton Marks or any confusingly similar trademarks, on or in connection with all Internet websites owned and operated, or controlled by them including the Internet websites operating under the Subject Domain Names;

(3) Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants having notice of this Order shall immediately discontinue the use of the Louis Vuitton Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by Defendants, including the Internet websites operating under the Subject Domain Names;

(4) Defendants shall not transfer ownership of the Subject Domain Names during the pendency of this Action, or until further Order of the Court;

(5) The domain name Registrars for the Subject Domain Names are directed to transfer to Plaintiff's counsel, for deposit with this Court, domain name certificates for the Subject Domain Names;

(6) The top-level domain (TLD) Registries for the Subject Domain Names, within ten (10) days of receipt of this Temporary Restraining Order shall change the registrar of record for the Subject Domain Names to a holding account with the United States based Registrar, GoDaddy.com,

Inc. Upon transfer of the Subject Domain Names into the holding account, GoDaddy.com, Inc. will hold the Subject Domain Names in trust for the Court during the pendency of this action. Additionally, GoDaddy.com, Inc. shall immediately update the Domain Name System ("DNS") data it maintains for the Subject Domain Names, which links the domain names to the IP addresses where their associated websites are hosted, to NS1.MEDIATEMPLE.NET and NS2.MEDIATEMPLE.NET, which will cause the domain names to resolve to the website where a copy of the Complaint, Summonses, and Temporary Restraining Order and other documents on file in this action are displayed. Alternatively, GoDaddy.com, Inc. may institute a domain name forwarding which will automatically redirect any visitor to the Subject Domain Names to the following Uniform Resource Locator ("URL") http://servingnotice.com/ofn/index.html whereon a copy of the Complaint, Summonses, and Temporary Restraining Order and other documents on file in this action are displayed. After GoDaddy.com, Inc. has effected this change the Subject Domain Names shall be placed on Lock status, preventing the modification or deletion of the domains by the registrar or Defendants;

(7) Plaintiff may enter the Subject Domain Names into Google's Webmaster Tools and cancel any redirection of the domains that have been entered there by Defendants which redirect traffic to the counterfeit operations to a new domain name and thereby evade the provisions of this Order;

(8) Defendants shall preserve copies of all their computer files relating to the use of any of the Subject Domain Names and shall take all steps necessary to retrieve computer files relating to the use of the Subject Domain Names and that may have been deleted before the entry of this Order;

(9) This Temporary Restraining Order shall remain in effect until the date for the hearing on the Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated to by the parties;

(10) This Temporary Restraining Order shall apply to the Subject Domain Names and any other domain names properly brought to the Court's attention and verified by sworn affidavit to be

used by Defendants for the purpose of counterfeiting the Louis Vuitton Marks at issue in this action and/or unfairly competing with Louis Vuitton in connection with search engine results pages;

**BOND TO BE POSTED**

(11) Pursuant to 15 U.S.C. § 1116(d)(5)(D), Plaintiff shall post a bond in the amount of Twenty Thousand Dollars and Zero Cents ($20,000.00), as payment of damages to which Defendant may be entitled for a wrongful injunction or restraint. Plaintiff shall post the bond prior to requesting the Registry to transfer control of the Subject Domain Names.

**PRELIMINARY INJUNCTION**

(12) A hearing is set before this Court in the United States Courthouse located at 333 Las Vegas Blvd. South, Courtroom 7C on Thursday, May 19, 2011, at 4:30 p.m. or at such other time that this Court deems appropriate, on Plaintiff's Motion for a Preliminary Injunction restraining Defendants, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants from engaging in the activities that are subject of the above Temporary Restraining Order;

(13) Plaintiff shall serve a copy of the *Ex Parte* Application and this Order and all other pleadings and documents on file in this action on all Defendants by posting a copy of the *Ex Parte* Application and this Order on the website located at http://servingnotice.com/ofn/index.html within forty-eight (48) hours of the Subject Domain Names being transferred to the GoDaddy.com, Inc. holding account, and such notice so given shall be deemed good and sufficient service thereof. Plaintiff shall thereafter further provide notice of these proceedings and copies of the documents on file in this matter to Defendants using all email addresses identified in the registration data for each of the Subject Domain Names. Any response or opposition to Plaintiff's Motion for Preliminary Injunction must be filed and served on Plaintiff's counsel prior to the hearing set for May 19, 2011, and filed with the Court, along with Proof of Service, on May 18, 2011. Plaintiff shall file any Reply Memorandum on or before N/A, 2011. The above dates may be revised upon stipulation by all parties and approval of this Court. Defendants are hereby on notice

that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 15 U.S.C. § 1116(d) and Fed. R. Civ. P. 65.

IT IS SO ORDERED.

DATED: __May 13, 2011

PHILIP M. PRO
UNITED STATES DISTRICT JUDGE

## SCHEDULE A
## THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS

| | |
|---|---|
| Defendant 1: | 1854louisvuitton.com |
| Defendant 2: | 21centurybags.co |
| Defendant 3: | 21replica.com |
| Defendant 4: | 3areplicawatch.com |
| Defendant 5: | 7starplanet.com |
| Defendant 6: | 86handbags.com |
| Defendant 7: | 960watch.com |
| Defendant 8: | abag2u.com |
| Defendant 9: | acereplica.com |
| Defendant 10: | amazing-bags.com |
| Defendant 11: | amazingreplica.com |
| Defendant 12: | bagreplicator.com |
| Defendant 13: | bagsfactory.net |
| Defendant 14: | bagspart.com |
| Defendant 15: | besthandbagsstore.mdsoll.cn |
| Defendant 16: | bestmirrorbrands.com |
| Defendant 17: | best-replica-watch.com |
| Defendant 18: | best-replica-watches.com |
| Defendant 19: | beubag.com |
| Defendant 20: | bipurse.com |
| Defendant 21: | brandkeys.net |
| Defendant 22: | buyawatches.com |
| Defendant 23: | buycheapluxury.com |
| Defendant 24: | buyreplicahandbags.info |
| Defendant 25: | buysns.com |
| Defendant 26: | cadudu.com |
| Defendant 27: | chinese-replica.net |
| Defendant 28: | chinese-replicas.com |
| Defendant 29: | cnreplica-handbags.com |
| Defendant 30: | copycatshades.com |
| Defendant 31: | countbags.com |
| Defendant 32: | dedoro.com |
| Defendant 33: | designer-handbag-replica.com |
| Defendant 34: | designer-replicahandbags.com |
| Defendant 35: | discountbagsoutlet.com |
| Defendant 36: | discount-designer-bags.com |
| Defendant 37: | eluxuryking.com |
| Defendant 38: | eluxurys-mart.net |
| Defendant 39: | eluxuryxp.com |
| Defendant 40: | eshop4bags.com |
| Defendant 41: | etopbagss.com |
| Defendant 42: | exquisitebag.com |
| Defendant 43: | fabaaa.com |
| Defendant 44: | fakehandbagshome.com |

[PROPOSED] ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION
FOR ENTRY OF TEMPORARY RESTRAINING ORDER

| | |
|---|---|
| Defendant 45: | fashionbagzoom.com a/k/a vuittonworld.com |
| Defendant 46: | fashionboutiqueshop.com |
| Defendant 47: | fashionladybag.com |
| Defendant 48: | fashion-replica-bags.com |
| Defendant 49: | ffchloe.com |
| Defendant 50: | forevercbs.com |
| Defendant 51: | galaxysahandbags.com |
| Defendant 52: | goodluxuryshop.com |
| Defendant 53: | goooodbag.com |
| Defendant 54: | goto-watches.com |
| Defendant 55: | grabshandbags.com |
| Defendant 56: | groundmart.com |
| Defendant 57: | handbag20.com |
| Defendant 58: | handbag4s.com |
| Defendant 59: | handbagforever.com |
| Defendant 60: | handbagsbeauty.com |
| Defendant 61: | handbagsidol.com |
| Defendant 62: | handbagsmama.net |
| Defendant 63: | handbagsonsaleus.com |
| Defendant 64: | handbags-sales.com |
| Defendant 65: | handbagswin.com |
| Defendant 66: | handbagswow.com a/k/a creplicahandbags.com |
| Defendant 67: | haoreplica.com |
| Defendant 68: | herebagss.org |
| Defendant 69: | hereisbag.com |
| Defendant 70: | hightbrand.com |
| Defendant 71: | highwaywatches.com |
| Defendant 72: | honey-replicas.com |
| Defendant 73: | honey-replicas.net a/k/a honey-replicas.co |
| Defendant 74: | hot-louisvuitton.com |
| Defendant 75: | huebags.com |
| Defendant 76: | impostercity.com |
| Defendant 77: | ireplical.net |
| Defendant 78: | itisdesigners.com |
| Defendant 79: | itisreplicas.com |
| Defendant 80: | jajashopping.com |
| Defendant 81: | jeanybags.com |
| Defendant 82: | knockoff-bags.com |
| Defendant 83: | knockoffhandbagsa.com |
| Defendant 84: | knockoffnamebag.com |
| Defendant 85: | louisvuitton4bag.com a/k/a eluxury4all.com |
| Defendant 86: | louisvuittonbrandbag.com |
| Defendant 87: | louisvuittonbrandbags.com |
| Defendant 88: | louisvuittonhandbagsshop.com |
| Defendant 89: | louisvuittonoutletonline.net |
| Defendant 90: | louisvuitton-outlet-stores.com a/k/a louis-vuitton-outlet-stores.net |
| Defendant 91: | louisvuittonreplica.org |

| | |
|---|---|
| Defendant 92: | louis-vuitton-replicas.com |
| Defendant 93: | louisvuittonsale-shop.com |
| Defendant 94: | louisvuittonstuff.com |
| Defendant 95: | luxury-estore.com |
| Defendant 96: | luxurymirrorbrands.com |
| Defendant 97: | lv2get.com |
| Defendant 98: | lvbags.cc |
| Defendant 99: | lvoutletsale.com a/k/a e-fashionshopping.com and luxury-estore.com |
| Defendant 100: | lvuksale.com |
| Defendant 101: | memwatches.com |
| Defendant 102: | mirrorbrands.com |
| Defendant 103: | mobigarden.com |
| Defendant 104: | mybagwow.com a/k/a handbagsmars.com |
| Defendant 105: | mychanelhandbags.com |
| Defendant 106: | mylvlife.com |
| Defendant 107: | myshopwww.com |
| Defendant 108: | newbagonsale.com a/k/a newbagpurse.com |
| Defendant 109: | newlouisvuitton.com |
| Defendant 110: | nexthandbags.com |
| Defendant 111: | omegarecall.com |
| Defendant 112: | onebags.com |
| Defendant 113: | orderluxurybag.com a/k/a vuittonworld.com |
| Defendant 114: | perfect-replica-handbags.com a/k/a creplicahandbags.com |
| Defendant 115: | pop-handbags.com |
| Defendant 116: | popreplicas.com |
| Defendant 117: | popswisswatches.com |
| Defendant 118: | pop-watches.com |
| Defendant 119: | poshmoda.com |
| Defendant 120: | poshreplica.com |
| Defendant 121: | purereplicabags.com |
| Defendant 122: | pursestore.uk.com |
| Defendant 123: | pursestrade.com |
| Defendant 124: | replica2louisvuitton.com |
| Defendant 125: | replica4lv.com |
| Defendant 126: | replica4lvbags.com |
| Defendant 127: | replicabaghome.com |
| Defendant 128: | replica-bags8.com |
| Defendant 129: | replicadesignerhandbag.net |
| Defendant 130: | replicahandbagclub.com |
| Defendant 131: | replicahandbags4.com |
| Defendant 132: | replicahandbagsale-online.com |
| Defendant 133: | replicahandbagsbox.com |
| Defendant 134: | replicahandbagspro.com |
| Defendant 135: | replica-handbags-shop.com |
| Defendant 136: | replica-louis.com a/k/a lvhandbagsol.com |
| Defendant 137: | replicaok.net |
| Defendant 138: | replicasky.com |

| | | |
|---|---|---|
| Defendant 139: | replicaslv.com |
| Defendant 140: | replica-watch.co |
| Defendant 141: | replicawatch-uk.com |
| Defendant 142: | replicawell.com |
| Defendant 143: | replicawholesalesunglasses.com |
| Defendant 144: | salelouisvuitton.com |
| Defendant 145: | salelouisvuittonbags.com |
| Defendant 146: | seasoneshandbags.com |
| Defendant 147: | seasonsehandbags.com |
| Defendant 148: | sell-brands.com |
| Defendant 149: | sell-replica.com |
| Defendant 150: | shayes.com |
| Defendant 151: | shoplouisvuittonreplica.com |
| Defendant 152: | shopping-eluxury.com |
| Defendant 153: | shopyep.com |
| Defendant 154: | showmywatch.com |
| Defendant 155: | spotbags.net a/k/a pursevalley.com |
| Defendant 156: | superbaghome.com |
| Defendant 157: | super-replica.com |
| Defendant 158: | swissbestwatch.com |
| Defendant 159: | swissmirrorwatch.com |
| Defendant 160: | thehandbags.us |
| Defendant 161: | thereplicabag.com |
| Defendant 162: | thesunglassmanonline.com |
| Defendant 163: | thewatch88.com |
| Defendant 164: | topluxurystore.com |
| Defendant 165: | topreplicahandbags8.com |
| Defendant 166: | toshopbag.com |
| Defendant 167: | ugglvgucci.com |
| Defendant 168: | uuhandbags.com |
| Defendant 169: | voguebags.com |
| Defendant 170: | voguewear.com |
| Defendant 171: | walletsky.com |
| Defendant 172: | watch126.com |
| Defendant 173: | watchbrandhome.com |
| Defendant 174: | watchesbit.com |
| Defendant 175: | watchesbrand.net |
| Defendant 176: | watchvipshop.com |
| Defendant 177: | wbrandbags.com |
| Defendant 178: | webbags.org |
| Defendant 179: | westoffer.com |
| Defendant 180: | wowyahoo.com |
| Defendant 181: | wsreplicas.com |
| Defendant 182: | yeahlvwallets.com |

[PROPOSED] ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION
FOR ENTRY OF TEMPORARY RESTRAINING ORDER