Ryan E. Johnson
Nevada Bar # 9070
The Law Office of WATSON ROUNDS
10000 West Charleston Blvd., Suite 240
Las Vegas, NV 89135
Telephone: (702) 636-4902
Facsimile: (702) 636-4904
rjohnson@watsonrounds.com

Stephen M. Gaffigan (Admitted *Pro Hac Vice*)
STEPHEN M. GAFFIGAN, P.A.
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
stephen@smgpa.net

*Attorneys for Plaintiff*
*LOUIS VUITTON MALLETIER, S.A.*

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., a foreign business entity, <br><br> Plaintiff, <br><br> v. <br><br> 1854LOUISVUITTON.COM, *et al.*, <br><br> Defendants. | Case No. 2:11-cv-00738-PMP-RJJ <br><br> **ORDER GRANTING PLAINTIFF'S SECOND *EX PARTE* APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

THIS CAUSE is before the Court on Plaintiff's Second *Ex Parte* Application For Entry of a Temporary Restraining Order and Preliminary Injunction (the "Second Application for TRO"). Plaintiff, Louis Vuitton Malletier, S.A. ("Plaintiff" or "Louis Vuitton"), moves, on an *ex parte* basis, for entry of a temporary restraining order, and, upon expiration of the temporary restraining order, a preliminary injunction against Defendants 183-222, the Partnerships and Unincorporated Associations identified on Schedule "A" attached hereto ("Defendants 183-222"), pursuant to 15

U.S.C. § 1116 and Fed. R. Civ. P. 65 for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114, and 1125(a) and (d).

For reasons set forth herein, Plaintiff's Second Application for TRO is GRANTED.

## I.      Factual Background

The Court bases this Second Temporary Restraining Order on the following facts from Plaintiff's First Amended Complaint, Application for TRO, Second Application for TRO and supporting evidentiary submissions on file in this action.

Louis Vuitton is a corporation duly organized under the laws of The Republic of France with its principal place of business located in the Paris, France. (First Amended Compl. ¶ 3.) Louis Vuitton operates boutiques throughout the world, including within this Judicial District. See id. Louis Vuitton is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, a variety of high quality luxury goods. (Declaration of Nikolay Livadkin in Support of Plaintiff's Second *Ex Parte* Application for TRO ["Livadkin Second Decl."] ¶ 5.)

Louis Vuitton is, and at all times relevant hereto has been, the owner of all rights in and to the following trademarks:

| Trademark | Registration No. | Registration Date |
|---|---|---|
| [design] | 0,297,594 | September 20, 1932 |
| LOUIS VUITTON | 1,045,932 | August 10, 1976 |
| LV | 1,519,828 | January 10, 1989 |
| LV | 1,938,808 | November 28, 1995 |
| LOUIS VUITTON | 1,990,760 | August 6, 1996 |
| ✤ | 2,177,828 | August 4, 1998 |
| ⊙ | 2,181,753 | August 18, 1998 |
| LV | 2,361,695 | June 27, 2000 |
| [design] LOUIS VUITTON PARIS | 2,378,388 | August 22, 2000 |
| [design] | 2,399,161 | October 31, 2000 |

| | | | |
|---|---|---|---|
| 1 | ▪ | 2,421,618 | January 16, 2001 |
| 2 | ✧ | 2,773,107 | October 14, 2003 |
| 3 | ⊙ | 3,023,930 | December 6, 2005 |
| 4 | ✧ | 3,051,235 | January 24, 2006 |
| 5 | ✤ | 3,021,231 | November 29, 2005 |

(the "Louis Vuitton Marks") which are registered on the Principal Register of the United States Patent and Trademark Office and are used in connection with the manufacture and distribution of high quality goods in the categories identified above. (Livadkin Second Decl. ¶ 5; <u>see also</u> United States Trademark Registrations of the Louis Vuitton Marks at issue ["Louis Vuitton Trademark Registrations"] attached as Exhibit A to the Livadkin Second Decl.).

Defendants 183-222, via the domain names identified on Schedule "A" hereto (the "Group II Subject Domain Names") have advertised, promoted, offered for sale, and/or sold, at least, handbags, wallets, luggage, shoes, belts, scarves, sunglasses, charms, watches, and jewelry bearing what Plaintiff has determined to be counterfeits, infringements, reproductions, and/or colorable imitations of the Louis Vuitton Marks. Although each of the Defendants may not copy and infringe each Louis Vuitton Mark for each category of goods protected, Louis Vuitton has submitted sufficient evidence showing each Defendant has infringed, at least, one or more of the Louis Vuitton Marks. (Livadkin Second Decl. ¶¶ 11-15; Declaration of Brandon Tanori in Support of Plaintiff's Second *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction ["Tanori Second Decl."] ¶ 4; Declaration of Stephen M. Gaffigan in Support of Plaintiff's Second *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction ["Gaffigan Second Decl."] ¶ 3 and Composite Exhibit B attached thereto.) Defendants 183-222 are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, infringements, reproductions, and/or colorable imitations of the Louis Vuitton Marks. (Livadkin Second Decl. ¶ 9.)

Plaintiff's counsel retained Brandon Tanori ("Tanori") of Investigative Consultants, a licensed private investigative firm, to investigate suspected sales of counterfeit Louis Vuitton

3

branded products by Defendants 183-222. (Livadkin Second Decl. ¶ 10; Tanori Second Decl. ¶ 3.) On November 18, 2011, Tanori accessed the Internet websites operating under the three of the domain names at issue in this action, handbag-brandreplica.com, replicalouisvuitton.org, and replicalouisvuittonoutlets.com, placed orders for the purchase of various Louis Vuitton branded products, including charms, a handbag, and a wallet, and requested each product purchased be shipped to his address in Las Vegas, Nevada. (Tanori Second Decl. ¶ 4 and Composite Exhibit A attached thereto.) Tanori's purchases were processed entirely online, which included providing shipping and billing information, payment, and confirmation of his orders. (Tanori Second Decl. ¶ 4 and Composite Exhibit A attached thereto.)

Thereafter, a representative of Louis Vuitton, Nikolay Livadkin, reviewed and visually inspected the web page listings, including images, for each of the Louis Vuitton branded goods purchased by Tanori and determined the items were non-genuine Louis Vuitton products. (Livadkin Second Decl. ¶¶ 11-12, 15.) Additionally, Livadkin reviewed and visually inspected the items bearing the Louis Vuitton Marks offered for sale via the Internet websites operating under the partnership and/or unincorporated association names identified on Schedule "A" hereto, the "Group II Subject Domain Names," and determined the products were non-genuine Louis Vuitton products. (Livadkin Second Decl. ¶¶ 13-15 and Composite Exhibit B attached thereto; Gaffigan Second Decl. ¶ 3 and Composite Exhibit B attached thereto.)

## II.   Conclusions of Law

The declarations Plaintiff submitted in support of its Second Application for TRO support the following conclusions of law:

   A.   Plaintiff has a very strong probability of proving at trial that consumers are likely to be confused by the Defendants 183-222's advertisement, promotion, sale, offer for sale, and/or distribution of handbags, wallets, luggage, shoes, belts, scarves, sunglasses, charms, watches, and jewelry bearing counterfeits, infringements, reproductions, and/or colorable imitations of the Louis Vuitton Marks, and that the products Defendants 183-222 are selling are copies of Plaintiff's products that bear marks which are substantially indistinguishable from and/or colorful imitations of

4

the Louis Vuitton Marks on handbags, wallets, luggage, shoes, belts, scarves, sunglasses, charms, watches, and jewelry. Because of the infringement of the Louis Vuitton Marks, Plaintiff is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted. It clearly appears from the following specific facts, as set forth in Plaintiff's First Amended Complaint, Plaintiff's Second Application for TRO, and accompanying declarations on file, that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers before Defendants 183-222 can be heard in opposition unless Plaintiff's request for *ex parte* relief is granted:

1. Defendants 183-222 own or control Internet business operations which advertise, promote, offer for sale, and sell, at least, handbags, wallets, luggage, shoes, belts, scarves, sunglasses, charms, watches, and jewelry bearing counterfeit and infringing trademarks in violation of Plaintiff's rights;

2. There is good cause to believe that more counterfeit and infringing handbags, wallets, luggage, shoes, belts, scarves, sunglasses, charms, watches, and jewelry bearing Plaintiff's trademarks will appear in the marketplace; that consumers may be misled, confused, and disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products;

3. There is good cause to believe that if Plaintiff proceeds with normal advance notice to Defendants 183-222 on this Second Application for TRO, Defendants 183-222 can easily and quickly transfer the registrations for many of the Group II Subject Domain Names, or modify registration data and content, change hosts, and redirect traffic to other websites, thereby thwarting Plaintiff's ability to obtain meaningful relief;

4. The balance of potential harm to Defendants 183-222 in restraining their trade in counterfeit and infringing branded goods if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its reputation and goodwill as a manufacturer of high quality handbags, wallets, luggage, shoes, belts, scarves, sunglasses, charms, watches, and jewelry if such relief is not issued; and

5. The public interest favors issuance of a temporary restraining order in order to protect Plaintiff's trademark interests and to protect the public from being defrauded by the palming off of counterfeit goods as genuine goods of the Plaintiff.

Upon review of Plaintiff's First Amended Complaint, Second Application for TRO, and supporting evidentiary submissions, it is hereby

ORDERED that Plaintiff's Second Application for TRO is GRANTED, according to the terms set forth below:

**SECOND TEMPORARY RESTRAINING ORDER**

(1) Defendants 183-222, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants 183-222 having notice of this Second Temporary Restraining Order are hereby temporarily restrained:

    (a) From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Louis Vuitton Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

    (b) From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing the Louis Vuitton Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Louis Vuitton Marks, or any confusingly similar trademarks.

(2) Defendants 183-222, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants 183-222 having notice of this Second Temporary Restraining Order shall immediately discontinue the use of the Louis Vuitton Marks or any confusingly similar trademarks, on or in connection with all Internet websites owned and operated, or controlled by them including the Internet websites operating under the Group II Subject Domain Names;

(3) Defendants 183-222, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants 183-222 having notice of this Second Temporary Restraining Order shall immediately discontinue the use of the Louis Vuitton Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by Defendants 183-222, including the Internet websites operating under the Group II Subject Domain Names;

(4) Defendants 183-222 shall not transfer ownership of the Group II Subject Domain Names during the pendency of this Action, or until further Order of the Court;

(5) Upon entry of this Order, Plaintiff shall provide a copy of the Order by email to the Registrar of record for each of the Group II Subject Domain Names, so that the Registrar of record of each of the Group II Subject Domain Names may, in turn, notify each registrant of the Order and provide notice of the locking of the domain name to the registrant of record. After providing such notice to the Registrars so the domain names may be locked, Plaintiff shall also provide notice and a copy of this Order to the registrant of each Group II Subject Domain Name via email to the email address provided as part of the domain registration data for each of the Group II Subject Domain Names identified in Composite Exhibit C to the Declaration of Stephen M. Gaffigan in Support of the Second Application for TRO. If an email address was not provided as part of the domain registration data for a Group II Subject Domain Name, Plaintiff shall provide notice and a copy of this Order to the operators of the Internet websites via the email addresses and/or online submissions forms provided on the Internet websites operating under such Group II Subject Domain Names. After forty-eight (48) hours have elapsed after the emailing of this Order to the Registrars of record and the registrants, Plaintiff shall provide a copy of this Order to the Registries for the Group II Subject Domain Names for the purposes described in Paragraph 6 *infra*.

(6) The Registrars and the top-level domain (TLD) Registries for the Group II Subject Domain Names, within ten (10) business days of receipt of this Second Temporary Restraining Order, shall, change or assist in changing, the Registrar of record for the Group II Subject Domain Names, excepting any such domain names which such Registries have been notified in writing by the Plaintiff have been or will be dismissed from this action, to a holding account the United States based Registrar, GoDaddy.com, Inc. As a matter of law, this Second Temporary Restraining Order shall no longer apply to any Defendant or associated domain name dismissed from this action. Upon the change of the Registrar of record for the Group II Subject Domain Names to GoDaddy.com, Inc., GoDaddy.com, Inc. will maintain access to the Group II Subject Domain Names in trust for the Court during the pendency of this action. Additionally, GoDaddy.com, Inc. shall immediately update the Domain Name System ("DNS") data it maintains for the Group II Subject Domain Names, which link the domain names to the IP addresses where their associated websites are hosted, to NS1.MEDIATEMPLE.NET and NS2.MEDIATEMPLE.NET, which will cause the domain names to resolve to the website where a copy of the Complaint, Summonses, First Amended Complaint, First and Second Temporary Restraining Orders, and all other documents on file in this action are displayed. Alternatively, GoDaddy.com, Inc. may institute a domain name forwarding which will automatically redirect any visitor to the Group II Subject Domain Names to the following Uniform Resource Locator ("URL") http://servingnotice.com/ofn/index.html whereon copies of the Complaint, Summonses, First Amended Complaint, First and Second Temporary Restraining Orders, and all other documents on file in this action are displayed. After GoDaddy.com, Inc. has effected this change the Group II Subject Domain Names shall be placed on Lock status, preventing the modification or deletion of the domains by the Registrar or the Defendants;

(7) Plaintiff may enter the Group II Subject Domain Names into Google's Webmaster Tools and cancel any redirection of the domains that have been entered there by Defendants 183-222 which redirect traffic to the counterfeit operations to a new domain name and thereby evade the provisions of this Second Temporary Restraining Order;

(8) Defendants 183-222 shall preserve copies of all their computer files relating to the use of any of the Group II Subject Domain Names and shall take all steps necessary to retrieve computer files relating to the use of the Group II Subject Domain Names and that may have been deleted before the entry of this Second Temporary Restraining Order;

(9) This Second Temporary Restraining Order shall remain in effect until the date for the hearing on the Second Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated to by the parties;

(10) This Second Temporary Restraining Order shall apply to the Group II Subject Domain Names and any other domain names properly brought to the Court's attention and verified by sworn affidavit which verifies such new domain names are being used by Defendants 183-222 for the purpose of counterfeiting the Louis Vuitton Marks at issue in this action and/or unfairly competing with Louis Vuitton in connection with search engine results pages;

**BOND TO BE MAINTAINED**

(11) Pursuant to 15 U.S.C. § 1116(d)(5)(D), Plaintiff shall maintain its previously posted bond in the amount of Twenty Thousand Dollars and Zero Cents ($20,000.00), as payment of damages to which Defendants 183-222 may be entitled for a wrongful injunction or restraint.

**SECOND PRELIMINARY INJUNCTION**

(12) A hearing is set before this Court in the United States Courthouse located 333 S. Las Vegas Blvd, Las Vegas, Nevada 89101, Courtroom 7C, on Wednesday, January 4, 2012, at 9:30am, or at such other time that this Court deems appropriate, on Plaintiff's Second Motion for a Preliminary Injunction restraining Defendants 183-222, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants 183-222 from engaging in the activities that are subject of the above Second Temporary Restraining Order;

(13) Plaintiff shall serve copies of the First Amended Complaint, Second Application for TRO and this Second Temporary Restraining Order and all other pleadings and documents on file in this action on Defendants 183-222 by email as described above and by posting copies of the Second Application for TRO and this Second Temporary Restraining Order on the website located at

1  http://servingnotice.com/ofn/index.html within forty-eight (48) hours of control of the Group II
2  Subject Domain Names being changed to the Court via the GoDaddy.com, Inc. holding account, and
3  such notice so given shall be deemed good and sufficient service thereof. Plaintiff shall continue to
4  provide notice of these proceedings and copies of the documents on file in this matter to Defendants
5  183-222 by regularly updating the website located at http://servingnotice.com/ofn/index.html or by
6  other means reasonably calculated to give notice which is permitted by the Court. Any response or
7  opposition to Plaintiff's Second Motion for Preliminary Injunction must be filed and served on
8  Plaintiff's counsel prior to the hearing set for  January 4, 2012 , and filed with the Court, along
9  with Proof of Service, on  January 3, 2012 , ____. ~~Plaintiff shall file any Reply Memorandum on~~
10 ~~or before~~ _____, ____. The above dates may be revised upon stipulation by all parties and
11 approval of this Court. Defendants 183-222 are hereby on notice that failure to appear at the hearing
12 may result in the imposition of a preliminary injunction against them pursuant to 15 U.S.C. §
13 1116(d) and Fed. R. Civ. P. 65.

15 IT IS SO ORDERED.
16 DATED: December 22, 2011

PHILIP M. PRO
United States District Judge

[PROPOSED] ORDER GRANTING PLAINTIFF'S SECOND *EX PARTE* APPLICATION
FOR ENTRY OF TEMPORARY RESTRAINING ORDER

## SCHEDULE A

## THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS

| Defendant No. | Domain Name | E-Commerce Website | Blog Style Website |
|---|---|---|---|
| Defendant 183 | bmwbags.com | x | |
| Defendant 184 | gubags.com | x | |
| Defendant 185 | chaneltote.net | x | |
| Defendant 186 | cheaphandbagselling.com | x | |
| Defendant 187 | cheaplouisvuittonsell.com | x | |
| Defendant 188 | clonesbar.com | x | |
| Defendant 189 | fakelouisvuitton2un.com | x | |
| Defendant 190 | handbag-brandreplica.com | x | |
| Defendant 191 | handbags-louis-vuitton.com | x | |
| Defendant 192 | idolbagsshop.com | x | |
| Defendant 193 | itisbags.com | x | |
| Defendant 194 | louisvuittonfakes.co | x | |
| Defendant 195 | louisvuittonhandbags4u.com | x | |
| Defendant 196 | knockoffhandbags.us | x | |
| Defendant 197 | louisvuitton-onsale.net | x | |
| Defendant 198 | louisvuittonoutletonline-2012.org | x | |
| Defendant 199 | louisvuittonoutlet2000.com | x | |
| Defendant 200 | louisvuittonreplica2w.com | x | |
| Defendant 201 | replicashopbella.com | x | |
| Defendant 202 | lovinggucci.com | x | |
| Defendant 203 | luxuriesbrands.com | x | |
| Defendant 204 | lv-bagsmall.com | x | |
| Defendant 205 | lvreplicaluggages.com | x | |
| Defendant 206 | replicabagonline.com | x | |
| Defendant 207 | replicalouisvuitton.org | x | |
| Defendant 208 | replicalouisvuitton2uk.com | x | |
| Defendant 209 | replicalouisvuittonoutlets.com | x | |
| Defendant 210 | replicalouisvuitton-sale.com | x | |
| Defendant 211 | replicalouisvuittonssale.com | x | |
| Defendant 212 | replicalouisvuittonusa.com | x | |

[PROPOSED] ORDER GRANTING PLAINTIFF'S SECOND *EX PARTE* APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER

| | | | |
|---|---|---|---|
| Defendant 213 | replicalouisvuittonmall.com | x | |
| Defendant 214 | shoes-belt-china.com | x | |
| Defendant 215 | tobenone.com | x | |
| Defendant 216 | topdesignerhandbagsdiscount.com | x | |
| Defendant 217 | louisvuittonreplicanyc.com | x | |
| Defendant 218 | topreplicadesignerbags.com | x | |
| Defendant 219 | top-replica-handbagss.com | x | |
| Defendant 220 | top-replicahandbags.co | x | |
| Defendant 221 | trna2010.com | x | |
| Defendant 222 | webgrabbag.com | x | |

[PROPOSED] ORDER GRANTING PLAINTIFF'S SECOND *EX PARTE* APPLICATION
FOR ENTRY OF TEMPORARY RESTRAINING ORDER