Ryan E. Johnson (Nevada Bar # 9070)
WATSON ROUNDS
777 N. Rainbow Blvd., Suite 350
Las Vegas, NV 89107
(702) 636-4902 (phone)
(702) 636-4904 (facsimile)
rjohnson@watsonrounds.com

Stephen M. Gaffigan (*Pro Hac Vice* pending)
STEPHEN M. GAFFIGAN, P.A.
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
stephen@smgpa.net

*Attorneys for Plaintiff*
LOUIS VUITTON MALLETIER, S.A.

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| LOUIS VUITTON MALLETIER, S.A., a foreign business entity,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A" and DOES 1-1000,<br><br>Defendants. | Case No. 2:11-cv-00738-PMP-RJJ<br><br>▬▬▬▬ ORDER GRANTING PLAINTIFF'S SECOND APPLICATION FOR ENTRY OF PRELIMINARY INJUNCTION |

THIS MATTER is before the Court on Plaintiff's Second Ex Parte Application for Entry of a Temporary Restraining Order and Preliminary Injunction (the "Second Application for Preliminary Injunction") (#62), and upon the Preliminary Injunction Hearing held on January 4, 2012. The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

By the instant Application (#62), Plaintiff Louis Vuitton Malletier, S.A. ("Louis Vuitton"), moves for entry of a preliminary injunction against Defendants, The Partnerships and Unincorporated Associations indentified on Schedule "A" hereto (collectively "Defendants" or "Defendants 183-222") for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114, and 1125(a) and (d).

The Court convened the hearing on January 4, 2012, at which only counsel for Plaintiff was present and available to present evidence supporting the Second Application for Preliminary Injunction (#62). Defendants as identified on the attached Schedule "A" have not responded to the Second Application for Preliminary Injunction, nor made any filing in this case, nor have those Defendants appeared in this matter either individually or through counsel. Because Plaintiff has satisfied the requirements for the issuance of a preliminary injunction, the Court will grant Plaintiff's Second Application for Preliminary Injunction (#62).

## I.   Factual and Procedural Background

On December 22, 2011, the Court entered a second temporary restraining order (#65) on the following facts from Plaintiff's First Amended Complaint (#60), Second *Ex Parte* Application for Entry of a Temporary Restraining Order and Preliminary Injunction (#62), and supporting evidentiary submissions:

Louis Vuitton is a corporation duly organized under the laws of The Republic of France with its principal place of business located in the Paris, France. (First Amended Compl. ¶ 3.) Louis Vuitton operates boutiques throughout the world, including within this Judicial District. See id. Louis Vuitton is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, a variety of high quality luxury goods. (Declaration of Nikolay Livadkin in Support of Plaintiff's Second *Ex Parte* Application for TRO ["Livadkin Second Decl."] ¶ 5.)

Louis Vuitton is, and at all times relevant hereto has been, the owner of all rights in and to the following trademarks:

| Trademark | Registration No. | Registration Date |
|---|---|---|
| ■ | 0,297,594 | September 20, 1932 |
| LOUIS VUITTON | 1,045,932 | August 10, 1976 |
| ⱽ | 1,519,828 | January 10, 1989 |
| ⱽ | 1,938,808 | November 28, 1995 |
| LOUIS VUITTON | 1,990,760 | August 6, 1996 |
| ✢ | 2,177,828 | August 4, 1998 |
| ⊙ | 2,181,753 | August 18, 1998 |
| ⱽ | 2,361,695 | June 27, 2000 |
| ■ LOUIS VUITTON PARIS | 2,378,388 | August 22, 2000 |
| ▨ | 2,399,161 | October 31, 2000 |
| ■ | 2,421,618 | January 16, 2001 |
| ◇ | 2,773,107 | October 14, 2003 |
| ⊙ | 3,023,930 | December 6, 2005 |
| ◇ | 3,051,235 | January 24, 2006 |
| ✢ | 3,021,231 | November 29, 2005 |

(the "Louis Vuitton Marks") which are registered on the Principal Register of the United States Patent and Trademark Office and are used in connection with the manufacture and distribution of high quality goods in the categories identified above. (Livadkin Second Decl. ¶ 5; see also United States Trademark Registrations of the Louis Vuitton Marks at issue ["Louis Vuitton Trademark Registrations"] attached as Exhibit A to the Livadkin Second Decl.).

Defendants 183-222, via the domain names identified on Schedule "A" hereto (the "Group II Subject Domain Names") have advertised, promoted, offered for sale, and/or sold, at least, handbags, wallets, luggage, shoes, belts, scarves, sunglasses, charms, watches, and jewelry bearing what Plaintiff has determined to be counterfeits, infringements, reproductions, and/or colorable imitations of the Louis Vuitton Marks. Although each of the Defendants may not copy and infringe each Louis Vuitton Mark for each category of goods protected, Louis Vuitton has submitted sufficient evidence

showing each Defendant has infringed, at least, one or more of the Louis Vuitton Marks. (Livadkin Second Decl. ¶¶ 11-15; Declaration of Brandon Tanori in Support of Plaintiff's Second *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction ["Tanori Second Decl."] ¶ 4; Declaration of Stephen M. Gaffigan in Support of Plaintiff's Second *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction ["Gaffigan Second Decl."] ¶ 3 and Composite Exhibit B attached thereto.) Defendants 183-222 are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, infringements, reproductions, and/or colorable imitations of the Louis Vuitton Marks. (Livadkin Second Decl. ¶ 9.)

Plaintiff's counsel retained Brandon Tanori ("Tanori") of Investigative Consultants, a licensed private investigative firm, to investigate suspected sales of counterfeit Louis Vuitton branded products by Defendants 183-222. (Livadkin Second Decl. ¶ 10; Tanori Second Decl. ¶ 3.) On November 18, 2011, Tanori accessed the Internet websites operating under the three of the domain names at issue in this action, handbag-brandreplica.com, replicalouisvuitton.org, and replicalouisvuittonoutlets.com, placed orders for the purchase of various Louis Vuitton branded products, including charms, a handbag, and a wallet, and requested each product purchased be shipped to his address in Las Vegas, Nevada. (Tanori Second Decl. ¶ 4 and Composite Exhibit A attached thereto.) Tanori's purchases were processed entirely online, which included providing shipping and billing information, payment, and confirmation of his orders. (Tanori Second Decl. ¶ 4 and Composite Exhibit A attached thereto.)

Thereafter, a representative of Louis Vuitton, Nikolay Livadkin, reviewed and visually inspected the web page listings, including images, for each of the Louis Vuitton branded goods purchased by Tanori and determined the items were non-genuine Louis Vuitton products. (Livadkin Second Decl. ¶¶ 11-12, 15.) Additionally, Livadkin reviewed and visually inspected the items bearing the Louis Vuitton Marks offered for sale via the Internet websites operating under the partnership and/or unincorporated association names identified on Schedule "A" hereto, the "Group II Subject Domain Names," and determined the products were non-genuine Louis Vuitton products.

(Livadkin Second Decl. ¶¶ 13-15 and Composite Exhibit B attached thereto; Gaffigan Second Decl. ¶ 3 and Composite Exhibit B attached thereto.)

On December 22, 2011, Plaintiff filed its First Amended Complaint (#60) against Defendants 183-222 for trademark counterfeiting and infringement, false designation of origin, and cyberpiracy. On December 22, 2011, Plaintiff filed its Second *Ex Parte* Application for Entry of a Temporary Restraining Order and Preliminary Injunction (#62). On December 22, 2011, the Court issued an Order Granting Plaintiff's Second *Ex Parte* Application for a Temporary Restraining Order and temporarily restrained Defendants from infringing the Louis Vuitton Marks at issue (#65). Proofs of Service confirming service via e-mail and publication on Defendants and compliance with the Court's December 22, 2011 Order were filed on January 3, 2012, certifying service of the Court's December 22, 2011 Order and Plaintiff's Second *Ex Parte* Application for Entry of a Temporary Restraining Order and Preliminary Injunction and supporting papers. (#'s 68, 69, 70 and 71).

## II.     Conclusions of Law

The declarations and supporting evidentiary submissions Plaintiff submitted in support of its Second Application for Preliminary Injunction support the following conclusions of law:

A.     Plaintiff has a very strong probability of proving at trial that consumers are likely to be confused by Defendants 183-222's advertisement, promotion, sale, offer for sale, and/or distribution of handbags, wallets, luggage, shoes, belts, scarves, sunglasses, charms, watches, and jewelry, bearing counterfeits, reproductions, and/or colorable imitations of the Louis Vuitton Marks, and that the products Defendants are selling are copies of Plaintiff's products that bear marks which are substantially indistinguishable from and/or colorful imitations of the Louis Vuitton Marks on handbags, wallets, luggage, shoes, belts, scarves, sunglasses, charms, watches, and jewelry.

B.     Because of the infringement of the Louis Vuitton Marks, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. It clearly appears from the following specific facts, as set forth in Plaintiff's First Amended Complaint, Second Application for Preliminary Injunction, and accompanying declarations on file, that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers because it is more likely than not that:

5

1. Defendants 183-222 own or control Internet business operations which advertise, promote, offer for sale, and sell at least handbags, wallets, luggage, shoes, belts, scarves, sunglasses, charms, watches, and jewelry bearing counterfeit and infringing trademarks in violation of Plaintiff's rights;

2. Plaintiff has well-founded fears that more counterfeit and infringing handbags, wallets, luggage, shoes, belts, scarves, sunglasses, charms watches, and jewelry bearing Plaintiff's trademarks will appear in the marketplace; that consumers may be misled, confused, and disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products;

3. Plaintiff has well-founded fears that unless the injunction is granted, Defendants 183-222 can easily and quickly transfer the registrations for many of the Group II Subject Domain Names, or modify registration data and content, change hosts, and redirect traffic to other websites, thereby thwarting Plaintiff's ability to obtain meaningful relief;

4. The balance of potential harm to Defendants 183-222 in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its reputation and goodwill as a manufacturer of high quality handbags, wallets, luggage, shoes, belts, scarves, sunglasses, charms, watches, and jewelry, if such relief is not issued; and

5. The public interest favors issuance of the preliminary injunction in order to protect Plaintiff's trademark interests and to protect the public from being defrauded by the palming off of counterfeit goods as genuine goods of the Plaintiff.

Accordingly, after due consideration, it is

ORDERED AND ADJUDGED that Plaintiff's Second *Ex Parte* Application for Entry of a Preliminary Injunction (#__) hereby is **GRANTED** as follows:

(1) Defendants 183-222, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with them having notice of this Order are hereby restrained and enjoined, pending termination of this action:

(a) From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the Louis Vuitton Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and

(b) From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing the Louis Vuitton Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the Louis Vuitton Marks, or any confusingly similar trademarks.

(2) Defendants 183-222, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with them having notice of this Order shall, until the conclusion of this action, discontinue the use of the Louis Vuitton Marks or any confusingly similar trademarks, on or in connection with all Internet websites owned and operated, or controlled by them including the Internet websites operating under the Group II Subject Domain Names;

(3) Defendants 183-222, their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants 183-222 having notice of this Order shall, until the conclusion of this action, discontinue the use of the Louis Vuitton Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by Defendants 183-222, including the Internet websites operating under the Group II Subject Domain Names;

(4) Defendants 183-222 shall not transfer ownership of the Group II Subject Domain Names during the pendency of this Action, or until further Order of the Court;

(5)     The Registrars and the top-level domain (TLD) Registries, their agents and Registry Service Providers, and any applicable Administrators of registry services, for the Group II Subject Domain Names, upon receipt of this Second Preliminary Injunction shall, to the extent it is not already done, change or assist in changing, the Registrar of record for the Group II Subject Domain Names, excepting any such domain names which such Registries have been notified in writing by the Plaintiff have been or will be dismissed from this action, to a holding account with the United States based Registrar, GoDaddy.com, Inc. As a matter of law, this Second Preliminary Injunction shall no longer apply to any Defendant or associated domain name dismissed from this action.  Upon the change of the Registrar of record for the Group II Subject Domain Names to GoDaddy.com, Inc., GoDaddy.com, Inc. will maintain access to the Group II Subject Domain Names in trust for the Court during the pendency of this action.  Additionally, GoDaddy.com, Inc., upon receipt of this Order, shall, to the extent not already done, immediately update and/or not modify the Domain Name System ("DNS") data it maintains for the Group II Subject Domain Names, which link the domain names to the IP addresses where their associated websites are hosted, to NS1.MEDIATEMPLE.NET and NS2.MEDIATEMPLE.NET, which currently causes the domain names to resolve to the website where a copy of the Complaint, First Amended Summonses, and First and Second Temporary Restraining Orders and all other documents on file in this action are displayed.  Alternatively, GoDaddy.com, Inc. may, to the extent not already done, institute and/or maintain a domain name forwarding which will automatically redirect any visitor to the Group II Subject Domain Names to the following Uniform Resource Locator ("URL") http://servingnotice.com/ofn/index.html whereon a copy of the Complaint, First Amended Complaint, Summonses, and First and Second Temporary Restraining Orders and all other documents on file in this action are displayed.  The Group II Subject Domain Names shall be maintained on Lock status, preventing the modification or deletion of the domains by the Registrar or Defendants;

(6)     Plaintiff may continue to enter the Group II Subject Domain Names into Google's Webmaster Tools and cancel any redirection of the domains that have been entered there by

[[PROPOSED] ORDER GRANTING PLAINTIFF'S SECOND APPLICATION
FOR ENTRY OF PRELIMINARY INJUNCTION

Defendants 183-222 which redirect traffic to the counterfeit operations to a new domain name and thereby evade the provisions of this Order;

(7)  Defendants 183-222 shall continue to preserve copies of all their computer files relating to the use of any of the Group II Subject Domain Names and shall continue to take all steps necessary to retrieve and preserve computer files relating to the use of any of the Group II Subject Domain Names and that may have been deleted before the entry of this Order;

(8)  This Second Preliminary Injunction shall remain in effect during the pendency of this action, or until such further date as set by the Court or stipulated to by the parties;

(9)  This Second Preliminary Injunction shall apply to the Group II Subject Domain Names identified on the attached Schedule "A," and any other domain names properly brought to the Court's attention and verified by sworn affidavit, which verifies such new domain names are being used by Defendants 183-222 for the purpose of counterfeiting the Louis Vuitton Marks at issue in this action and/or unfairly competing with Louis Vuitton in connection with search engine results pages.

IT IS SO ORDERED.

DATED: January 4, 2012

PHILIP M. PRO
UNITED STATES DISTRICT JUDGE

# SCHEDULE A
## THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS

| Defendant No. | Domain Name | E-Commerce Website | Blog Style Website |
|---|---|---|---|
| Defendant 183 | bmwbags.com | x | |
| Defendant 184 | gubags.com | x | |
| Defendant 185 | chaneltote.net | x | |
| Defendant 186 | cheaphandbagselling.com | x | |
| Defendant 187 | cheaplouisvuittonsell.com | x | |
| Defendant 188 | clonesbar.com | x | |
| Defendant 189 | fakelouisvuitton2un.com | x | |
| Defendant 190 | handbag-brandreplica.com | x | |
| Defendant 191 | handbags-louis-vuitton.com | x | |
| Defendant 192 | idolbagsshop.com | x | |
| Defendant 193 | itisbags.com | x | |
| Defendant 194 | louisvuittonfakes.co | x | |
| Defendant 195 | louisvuittonhandbags4u.com | x | |
| Defendant 196 | knockoffhandbags.us | x | |
| Defendant 197 | louisvuitton-onsale.net | x | |
| Defendant 198 | louisvuittonoutletonline-2012.org | x | |
| Defendant 199 | louisvuittonoutlet2000.com | x | |
| Defendant 200 | louisvuittonreplica2w.com | x | |
| Defendant 201 | replicashopbella.com | x | |
| Defendant 202 | lovinggucci.com | x | |
| Defendant 203 | luxuriesbrands.com | x | |
| Defendant 204 | lv-bagsmall.com | x | |
| Defendant 205 | lvreplicaluggages.com | x | |
| Defendant 206 | replicabagonline.com | x | |
| Defendant 207 | replicalouisvuitton.org | x | |
| Defendant 208 | replicalouisvuitton2uk.com | x | |
| Defendant 209 | replicalouisvuittonoutlets.com | x | |
| Defendant 210 | replicalouisvuitton-sale.com | x | |
| Defendant 211 | replicalouisvuittonssale.com | x | |
| Defendant 212 | replicalouisvuittonusa.com | x | |
| Defendant 213 | replicalouisvuittonmall.com | x | |
| Defendant 214 | shoes-belt-china.com | x | |
| Defendant 215 | tobenone.com | x | |
| Defendant 216 | topdesignerhandbagsdiscount.com | x | |

| | | | |
|---|---|---|---|
| Defendant 217 | louisvuittonreplicanyc.com | x | |
| Defendant 218 | topreplicadesignerbags.com | x | |
| Defendant 219 | top-replica-handbagss.com | x | |
| Defendant 220 | top-replicahandbags.co | x | |
| Defendant 221 | trna2010.com | x | |
| Defendant 222 | webgrabbag.com | x | |