Ryan E. Johnson
Nevada Bar # 9070
The Law Office of WATSON ROUNDS
10000 West Charleston Blvd., Suite 240
Las Vegas, NV 89135
Telephone: (702) 636-4902
Facsimile: (702) 636-4904
rjohnson@watsonrounds.com

Stephen M. Gaffigan (Admitted *Pro Hac Vice*)
STEPHEN M. GAFFIGAN, P.A.
401 East Las Olas Blvd., Suite 130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
stephen@smgpa.net

*Attorneys for Plaintiff*
*Louis Vuitton MALLETIER, S.A.*

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Louis Vuitton MALLETIER, S.A., a foreign business entity, <br><br> Plaintiff, <br><br> v. <br><br> 1854LOUISVUITTON.COM, *et al.*, <br><br> Defendants. | Case No. 2:11-cv-00738-PMP-RJJ <br><br> **STIPULATED CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION** |

     Plaintiff, Louis Vuitton Malletier, S.A., a foreign business entity ("Louis Vuitton") and Defendant 314 - handbagsrack.com a/k/a schmogo.com (the "Defendant") stipulate and consent to the following:

//

//

//

1

STIPULATED CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION

1  **WHEREAS**, the Defendant adopted and began using trademarks in the United States which allegedly infringed Louis Vuitton's various registered trademarks: Louis Vuitton, ▨, 𝕐, ✦, ⊙, ▨ Louis Vuitton PARIS, ▨, ▨, ✦, ⊙, ✦, and ✦ (the "Louis Vuitton Marks") as identified in Paragraph 13 of Louis Vuitton's Second Amended Complaint;

**WHEREAS**, the Defendant's use of names and marks which allegedly incorporate one or more of the Louis Vuitton Marks is likely to cause confusion as to source or origin;

**WHEREAS**, without the admission of any liability, the parties desire to settle and have amicably resolved their dispute to each of their satisfaction; and

**WHEREAS**, based upon Louis Vuitton's good faith prior use of the Louis Vuitton Marks, Louis Vuitton has superior and exclusive rights in and to the Louis Vuitton Marks in the United States and any confusingly similar names or marks.

IT IS STIPULATED, ORDERED, ADJUDGED AND DECREED that:

1.  The Defendant and its respective officers, agents, owners, servants, employees and attorneys, and all persons in active concert and participation with them are hereby restrained and enjoined, pending termination of this action from:

    A.  manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods; bearing the Louis Vuitton Marks;

    B.  using the Louis Vuitton Marks in connection with the sale of any unauthorized goods;

    C.  using any logo, and/or layout which may be calculated to falsely advertise the services or products of the Defendant as being sponsored by, authorized by, endorsed by, or in any way associated with the Plaintiff;

    D.  falsely representing the Defendant as being connected with the Plaintiff, through sponsorship or association,

    E.  engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the

          Defendant, are in any way endorsed by, approved by, and/or associated with the Plaintiff;

F.   using any reproduction, counterfeit, copy, or colorable imitation of the Louis Vuitton Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendant, including, without limitation, handbags, wallets, luggage, shoes, belts, scarves, sunglasses, charms, watches, and jewelry;

G.   affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent the Defendant's goods as being those of the Plaintiff, or in any way endorsed by the Plaintiff;

H.   offering such goods in commerce; and from otherwise unfairly competing with the Plaintiff.

I.   secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Louis Vuitton Marks; and

J.   effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (I).

2.   Any party shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and such other relief deemed proper in the event of a violation or failure to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorneys' fees and costs.

3.   The causes of action between Louis Vuitton and the Defendant are hereby dismissed without prejudice, subject to the terms of the Settlement Agreement between the parties.

4. The parties shall each bear their respective attorney's fees and costs incurred in connection with this action.

5. This Court will retain continuing jurisdiction over this cause to enforce the terms of this Consent Final Judgment and the Settlement Agreement between the parties.

6. All counterfeit Louis Vuitton branded products currently in the possession, custody and/or control of the Defendant shall be surrendered to Louis Vuitton, through its counsel, and shall be destroyed under the direction of Louis Vuitton.

7. All ownership, right, title and interest in the Subject Domain Names - handbagsrack.com and schmogo.com shall revert to the Defendant subject to the terms of this Permanent Injunction and the Settlement Agreement between the parties.

SO ORDERED this __12th__ day of __June__, 2012.

_____
PHILIP M. PRO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

All parties of record

STIPULATED CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION